A man marries a woman intitled to a distributive part of her Father’s Estate & dies before distribution. Q. Whether this distributive part survives to the wife or shall go to the Adm’r of the husband
*B108 The general rule of Law is that Things in Action do not vest in the husband by the marriage unless reduced to a possession during the coverture but survive to the Wife 1. Inst. 351. 6.
They must either be reduced to an actual posscon or there must be some act to attach the Intt. in the husband.
I cannot easily apprehend how the distributive part can be distinguished from any other debt duty or interest of the wife’s It seems to be as much a thing in action as a Debt due by Bond or otherwise or a Legacy which [sic] must be admitted do not vest in the husband meerly by the marriage unless there be a Judgm’t during the coverture or some other act to alter the property as a promise to the husband an assent to the legacy or the like
But even in the Case of a Judgm’t at Law for the Debt or a Decree in Equity for the Legacy if the husband dies before Execution the benefit of the Judgm’t or Decree survives to the wife & she shall have Execution & not the Executor of the husband 1. Ch. Ca. 27. Nanny & Martin 1. Ch. R. 233. S. C. for by the Judgm’t the Debts attached in them jointly Carth. 415. Skin. 632. So that if the husband survives he shall have it If the Wife she shall have the benefit
In this Case then if there had been a recovery of the distributive part by Decree & the husband had died before the Decree was satisfied The Wife would have had the benefit How much more so when there is no recovery or any Act to attach this Interest in the husband.
[102] Obj. Cary & Taylor 2. Vern. 302. A. Married B. the Daughter of J. S. who dies Intestate B. dies before distribution A. also dies before distribution or Adm’con taken to his wife The Q. was whether the Adm’r of the husband or the Adm’r of the wife was intitled to B.’s distributive part of her father’s Estate It was agreed in this Case that the distributive part was an Interest vested but the doubt was whether it was so vested as a legacy assented to that it should vest in the husband without taking Adm’con to his wife And it was argued for the husband’s Adm’r (the Pit.) that since the Stat. for settling Intestates Estates the Adm’r is but in the nature of a Trustee & the taking Adm’con as the acceptance of a Trust & implies an Assent that the Estate should be distributed according to the Stat. & therefore the distributive Shares ought to be considered not only as a legacy but as a legacy assented to & *B109 consequently go to the husbands Adm’r This was the. Council’s Argum’t but what the Decree was whether in fav’r of the husband’s Adm’r or wife’s does not appear by the Book But the Reporter adds at the End Tamen vide the decree By which manner of expression I sh’d judge the decree was rather ag’st the Argum’t than in fav’r of it. However it must be allowed that it rem’s uncertain how the determination was & therefore it can be no further an Authority than the reason of the Argum’t may prevail
And I must own it does not appear to me to have any great force in it Thus far I agree that the distributive part ought to be considered as a legacy & consequently as an Int. immediately vested but why it should be considered as a Legacy assented to any more than every Legacy given by a Will I cannot comprehend for as to the Adm’r being in the nature of a Trustee I take an Ex’or to be so too and there is not only an implied Assent to perform the Will but he takes an Oath to do so too And therefore to me the Argum’t is as strong for a legacy vesting in the husband as this distributive part Yet it seems admitted that it wolud not vest without the Ex’ors assent. I don’t find that the point has been determined in any Case either before or since And there being no resolution in that Case it is no Authority nor indeed does it weigh with me at all for the reasons I have mentioned
Besides that Case differs from the present in this material circumstance that the right or interest accrued during the coverture & so the assent if it was to be implied must be intended to the husband But here the right or interest accrued to the wife before marriage And therefore this implied assent that is talked of must be to the wife & the right or interest could never attach in the [103] husband upon any such implied assent nor without some subsequent act nothing of which appears in this Case And so upon the matter this Case if it is an Authority is rather ag’st the Pit. than for him
Then in that Case too the wife died first & the husband survived Here the wife is Survivor which makes a material difference as I shall mention presently
Another Case that has been mentioned is Fouke & Lewen 1. Vern. 88. A man married a Citizens Dauter She died before 21. & before her husband had rece’d her Orphanage part Pie brings a Bill for it It was insisted that by the Custom of Lon *B110 don the Share survived to the other Children But the Court say’d that tho’ there might be such a Custom where an Orphan died before 21. unmarried Yet it could not take place where the Orphan married & the Int. of her Share vested in the Husband
Vid. Prec. Chan. 537.
All that this Case proves is that an Orphans Share who marries & dies before 21. does not survive to the other Children. There is indeed mention made of her Share vesting in the husband but whether it vested in such a manner as to go to him w’thout taking an Admcon to his wife is not say’d And I am of Opinion that it did not vest in him absolutely but that if the wife had survived she would have been intitled to it & not her husband’s Adm’r according to Pheasants Case 1. Ch. Ca, 181. 2 Vern. 340. which as to this point was thus A man married an Orphan whose fortune was in the Court of Orphans he rece’d ab’t £40 & no more & died having devised the residue The Q. was whether he could devise it or in other words whether it survived to the Wife And it was held that this Money was a Chose in action that it did not vest in the husband & therefore he could not devise it but it survived to the wife
Prec. Chanc. 209. s. p.
This is a resolution in point almost; At least I can discover no essential difference between this Case & that now before us The Q-. made was whether the Money in the Chamber of London was to be considered as a debitum or a depositum If the latter it seems admitted that it would vest But it was held to be a Debitum because Trover would not lie for it as it would for a Depositum And it was not recoverable without an Action.
So I say the distributive part in the Case before us is Debitum & not Depositum Trover will not lie for it Nor can it be recovered but by Suit in Equity
This Case agrees best with ours in Circumstance Here the wife survived In the other two Cases the husband was the Surv’r And in the latter Case he might have taken an Admcon to his wife for anything that appears The point of Survivor-ship may make a great difference There are many things husband & Wife have a joint [104] Interest in & which go to the Surv’r as a Decree or Judgm’t for Money due in right of the wife
Upon the whole conclude that it must be a great absurdity *B111 in the Law to give this Int. to the husband without any Judgm’t or Decree during the Coverture when if there had been such Judgm’t or Decree & the husband had died before Ex’con the benefit would have survived to the wife
I therefore look upon this distributive Share as a Thing in action that did not vest meerly by the marriage There was no act during the Coverture to attach the Interest in the husband And so it must survive (a) to the wife & not be subject to the husband’s debts
Daeth & Baux 1. Mod. Ca. L. & Eq. 63. Motion for a prohibition to the Spiritual Court for suffering a feme Covert to sue singly upon the Stat. of Distributions Because it was properly so vested in the husband that it might be released by him But denied fr. Cur. for this was a Chose in action & so much the wifes that she shall have it by Survivorship
This was a Case in James City upon a Special Verdict And the Court gave Judgm’t for the husband’s Adm’r that the wife’s distributive part vested in the husband, Much against my Opinion

 See Ld. Chancellor’s Opiti. Talb. 170-